# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2067 | **DATE** | 10/21/2003 |
| **CASE TITLE** | | Dillon vs. Cowan | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. This matter is before the Court on petitioner Kenneth B. Dillon's petition for writ of Habeas Corpus. For the reasons stated on the attached memorandum opinion, the Court hereby denies the petitioner's petition for writ of habeas corpus. All pending dates and motions are hereby terminated as moot. Enter Memorandum Opinion. Terminating case.

(11) ■ For further detail see Memorandum Opinion attached to the original minute order.

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | OCT 22 2003 date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| MW | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel<br>KENNETH B. DILLON,<br><br>        Plaintiff,<br><br>v.<br><br>ROGER COWAN, Warden,<br>Danville Correctional Center,<br><br>        Defendant. | Case No. 00 C 2067 |

DOCKETED OCT 2 2 2003

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This mater is before the court on Petitioner Kenneth B. Dillon's ("Dillon") *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated below we deny the petition.

### BACKGROUND

Dillon pled guilty to attempted first degree murder on June 17, 1994, in Illinois state court. Dillon accepted a plea agreement negotiated on his behalf by Thomas Brosnan ("Brosnan"), the appointed defense counsel from the Kane County Public Defender's office. Pursuant to his negotiated plea agreement, Dillon was sentenced to 22 years for attempted first degree murder. On January 26, 1995, the trial court denied Dillon's motion to reduce sentence. Dillon filed a motion to reconsider and on September 7, 1995, the trial court denied the motion to reconsider.

1



The Appellate Court of Illinois Second District took Dillon's timely appeal and appointed a new defense counsel from the State Appellate Defender's Office. The Appellate Court affirmed the trial court's denial of the sentence reduction. Dillon did not seek leave to appeal to the Illinois Supreme Court. On September 4, 1996, Dillon filed a post conviction challenge to his sentence under 725 ILCS 5/122-1 *et seq*. An evidentiary hearing was held on January 23, 1998, where both Dillon and defense counsel Brosnon testified before the trial court. The trial judge denied post conviction relief. The Appellate Court affirmed the trial court's decision and on October 6, 1999, the Illinois Supreme Court denied Dillon's petition for leave to appeal. Dillon subsequently filed the instant petition for writ of habeas corpus.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2254 a federal court may entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If a petitioner seeks to challenge a state court decision under 28 U.S.C. § 2254, a writ of habeas corpus is proper only if the challenged state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Hammer v. Karlen*, 342 F.3d 807, 810 (7th Cir. 2003).

# DISCUSSION

Dillon claims that Brosnan provided ineffective assistance of counsel because Brosnan allegedly advised Dillon to plead guilty and then seek a sentence reduction. Assistance of counsel is presumed effective and thus a party bears a "heavy burden" in establishing ineffective assistance of counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell bellow an objective standard of reasonableness and that the deficient performance so prejudiced the petitioner's defense that the trial was unfair and the result was thus unreliable. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). In assessing counsel's performance, we "evaluate the conduct from counsel's perspective at the time, and must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991)(citations omitted)(quoting *Strickland*, 466 U.S. at 689). If the record supports a finding of substandard performance, we then determine whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Starnes*, 14 F.3d 1207, 1210 (7th Cir. 1994)(quoting *Strickland*, 466 U.S. at 695). The *Strickland* test is highly deferential to counsel, and a reviewing court should presume reasonable judgment and decline to second-guess "tactical move[s]." *Ashimi*, 932 F.2d at 648(quoting *Strickland*, 466 U.S. at 688-90).

In this case Dillon states in his petition that based on his conversation with Brosnan, Dillon mistakenly believed that he would be entitled to a sentence reduction after he plead guilty. However, although Dillon claims that he thought himself entitled to a reduction, he also states in his petition that he "asked counsel if counsel was sure petitioner could receive the sentence reduction [and] counsel's response was that [Dillon] *stood a good chance.*" (emphasis

added). It was unreasonable for Dillon to believe himself entitled to reduction based on a representation that he "stood a good chance." Also, as stated above, on January 23, 1998, the state trial court addressed Dillon's petition for post conviction relief and held an evidentiary hearing. During the hearing Dillon testified twice that Brosnan told him that there was a "50/50" chance that he would be able to obtain a sentence reduction after he plead guilty. (G. Ex. D 237-38, 244-46). In addition at the hearing Brosnan testified that he did not recall using the phrase "50/50" and that he never told Dillon that he stood a good chance of obtaining a reduction in his sentence. (G. Ex. D 266). In fact Brosnan testified that he told Dillon that it was unlikely that Dillon would be able to obtain a sentence reduction after he plead guilty. (G. Ex. D 266). Whether Brosnan told Dillon that his chances of getting a reduction were "50/50" or told him that his chances were poor, Dillon was not justified in believing that he was entitled to a reduction. Therefore, we find that Dillon has not established that Brosnan's representation fell bellow an objective standard of reasonableness. Furthermore, Dillon acknowledges in his petition that Brosnan thought that the evidence against Dillon was overwhelming and that Brosnan's "defense strategy was one of pleading the case to avoid a trial." Brosnan exercised his professional judgment and chose a strategy that he reasonably believed best for his client. Dillon is not entitled to habeas relief merely because the outcome in his case was not satisfactory to him.

We also note that Dillon inappropriately included a new argument in his response to the State's answer that was not included in his petition. Dillon cites several cases and contends that they support his claim that Brosnan misstated the law when he advised Dillon to plead guilty. Although in the cases cited by Dillon such as *People v. Evans*, 673 N.E.2d 244, 248 (Ill. 1996) the courts held that a defendant could not plead guilty and thereafter seek a sentence reduction, *Evans* and the other cases are not relevant to the issue at hand because they were decided long after Brosnan allegedly gave the incorrect legal advice. Dillon plead guilty in 1994 and the trial

court denied his request for a sentence reduction in early 1995. Brosnan did not misstate the law as it stood at that time in 1994 and 1995. *See People v. Soles*, 590 N.E.2d 104, 105-06 (Ill. App. Ct. 1992)(holding that defendants could plead guilty and then seek a reduction in their sentences).

## CONCLUSION

Therefore, based on the foregoing analysis we deny the petition for writ of habeas corpus.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: OCT. 21, 2003